

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 16, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-545

Re: Whether a State employee while
traveling by train is entitled
to the maximum per diem allowance.

Dear Mr. Calvert:

Your recent request for an opinion from this office
reads, substantially, as follows:

". . . an examination of (a travel voucher)
. . . will reveal that the claimant left, by
train, on September 11, 1965, he arrived in
Washington, D. C., on September 13, 1965, on
which day he obtained a receipt for lodging.
He left that city on September 14, 1965, enroute
to Austin arriving on September 16, 1965. You
will please advise the rate of per diem the
claimant is entitled to on September 11, 12,
15, & 16, 1965.

"Departmental policy: Pullman fare has
always been considered part of transportation
cost and in the past, the State employee while
traveling by train has been allowed the maximum
per diem allowance."

Paragraph b, Section 14 of Article V of the General
Appropriation Act of the 59th Legislature, in part, provides:

"An employee traveling by rented or public
conveyance, or the commercial transportation
company furnishing same, is entitled to a
transportation allowance equal to the actual
cost of necessary transportation for performing
official business. . . ." (Emphasis added.)

It has long been held that the courts will ordinarily adopt and uphold a construction placed on a statute by a department charged with its administration unless the construction so given is unreasonable. This rule is particularly applicable to an administrative construction of long standing, where valuable interests or rights have been acquired and where a law that has been uniformly construed by those charged with its enforcement has been reenacted without a change of language. 53 Tex.Jur.2d 259, Statutes, Section 177.

Paragraph a, Section 15 of Article V of the General Appropriation Act of the 59th Legislature provides:

"Rates of allowance. Each employee traveling on State business inside the boundaries of the State of Texas shall be allowed, in lieu of actual expenses incurred for meals and lodging, a flat per diem rate of not to exceed Twelve Dollars ($12) provided there is attached to his expense account when submitted a "Paid" bill or receipt from a commercial hotel, motel, or other commercial lodging establishment for his lodging, but provided further that if such receipt is not submitted, the flat per diem rate shall not exceed Seven Dollars ($7).

"Each employee traveling on State business outside of the boundaries of the State of Texas shall be subject to the same provisions as above except that the respective specified per diem rates shall be Fifteen Dollars ($15) and Ten Dollars ($10) instead of the Twelve Dollars ($12) and Seven Dollars ($7). The out-of-State allowance shall begin and end at the end of the quarter day (as defined hereinafter) in which the employee leaves or returns to the State line."

As was stated in Attorney General's Opinion C-508 (1965), the Legislature clearly intended only to offset added expense normally incurred as an incident to staying away from headquarters overnight on State business.

Under the facts submitted and in view of the departmental interpretation, we are of the opinion that the claimant is entitled to $27.75 per diem for the dates September 11, 12, 15, and 16, 1965, computed as follows:

September 11 - $ 3.50 - 2 quarters at $ 7.00 per diem rate (IS)*

September 12 -  10.00 - 4 quarters at  10.00 per diem rate (OS)**

September 15 -  10.00 - 4 quarters at  10.00 per diem rate (OS)

September 16 -   2.50 - 1 quarter  at  10.00 per diem rate (OS)
                 1.75 - 1 quarter  at   7.00 per diem rate (IS)

*IS - Inside State
**OS - Outside State

Therefore, applying the above per diem to the travel voucher submitted, the claimant is entitled to reimbursement in the sum total of $285.53, computed as follows:

| | |
|---|---|
| Fares - Public Transportation | $226.28 |
| Per diem allowance ($27.75 plus $30.00 for Sept. 13 and 14) | 57.75 |
| Other Travel Expense - Taxi | 1.50 |

## SUMMARY

When a mode of travel, furnished by a commercial transportation company, including sleeping facilities as a part of the travel cost is approved by the administrative officer of the State department or agency concerned, the sleeping facilities are a part of the transportation cost, and the rates of per diem for travel on State official business, inside and outside of the State, is computed on the flat per diem rate provided where no receipt from a commercial hotel, motel, or other commercial lodging establishment is submitted.

Yours very truly,

WAGGONER CARR
Attorney General

By: J. Phillip Crawford
Assistant

JPC:sj

Hon. Robert S. Calvert, page 4 (C-545)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
W. O. Shultz
Bill Allen
Mario Obledo

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright